JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

### I. (a) PLAINTIFFS
Annmarie Burke

### DEFENDANTS
Palm Beach County Sherff's Office, Ric L. Bradshaw, Sheriff

**(b)** County of Residence of First Listed Plaintiff: Palm Beach County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Palm Beach County
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Alan M. Aronson, Esq.
1645 Palm Beach Lakes Blvd. Suite 350
West Palm Beach, FL 33401   phone 561-478-2500

Attorneys (If Known)

**(d)** Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☐ BROWARD ☑ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☑ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | | | ☐ 465 Other Immigration Actions | | |

### V. ORIGIN (Place an "X" in One Box Only)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. RELATED/RE-FILED CASE(S).
(See instructions second page):

a) Re-filed Case ☐ YES ☑ NO    b) Related Cases ☐ YES ☑ NO

JUDGE                                   DOCKET NUMBER

### VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD   *[signed] Alan M. Aronson*

DATE  10/21/10

**FOR OFFICE USE ONLY**

AMOUNT _____   RECEIPT # _____   IFP _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

SUMMONS IN A CIVIL ACTION

CASE NO:

ANNMARIE BURKE,

    Plaintiff,

v.

PALM BEACH COUNTY SHERIFF'S OFFICE,
RIC L. BRADSHAW, SHERIFF

    Defendant.
_____/

**TO: Palm Beach Sheriff's Office**
    **3228 Gun Club Road**
    **West Palm Beach, Florida 33406**

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY

Alan M. Aronson, Esquire
ROSENTHAL, LEVY & SIMON, P.A.
1645 Palm Beach Lakes Blvd., Suite 350
West Palm Beach, FL 33401
(561) 478-2500

an answer to the complaint which is served on you with this summons, within **20** days after service of this commons on you, exclusive of the date of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service:

_____    _____
CLERK    DATE

_____
By:    DEPUTY    CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:

ANNMARIE BURKE,

    Plaintiff,

v.

PALM BEACH COUNTY SHERIFF'S OFFICE,
RIC L. BRADSHAW, SHERIFF,

    Defendant.
_____/

## COMPLAINT

COMES NOW, Plaintiff, ANNMARIE BURKE, (hereinafter referred to as "Burke, or Plaintiff"), by and through her undersigned counsel, hereby files this Complaint against PALM BEACH COUNTY SHERIFF'S OFFICE, RIC L. BRADSHAW, SHERIFF (hereinafter referred to as "Sheriff, or Defendant"), and in support thereof respectfully pleads as follows:

### JURISDICTION

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, and the Florida Civil Rights Act, for employment discrimination based upon sex.

2. Jurisdiction exists by virtue of Title VII of the Civil Rights Act of 1964 as amended, (42 U.S.C. §2000 e-5) and the Florida Civil Rights Act, Florida Act Chapter 760.00.

### PARTIES

3. The Plaintiff was an employee within the meaning of Title VII of the Civil Rights Act of 1964 as amended, as well as the Florida Civil Rights Act.

4. The Defendant was an employer, employment agency, or labor organization within the meaning of Title VII of the Civil Rights Act of 1964 as amended, (42 U.S.C. §e(b)(c) or (d) and

the Florida Civil Rights Act, Chapter 760.00.

5. At all times material hereto, Plaintiff was and continues to be a resident of Palm Beach County, Florida.

6. At all times material hereto, Defendant, PALM BEACH COUNTY SHERIFF'S OFFICE, RIC L. BRADSHAW, SHERIFF, is a constitutional, governmental agency, providing law enforcement services to the citizens and residents of Palm Beach County.

7. The discriminating conduct occurred in connection with Plaintiff's employment with Defendant at its headquarters at 3228 Gun Club Road, West Palm Beach, FL.

8. The discriminating acts occurred during the time between the Fall of 2008 through August 26, 2008, and continued subsequent thereto.

9. The Plaintiff filed an Initial Charge of Discrimination with the Equal Employment Opportunity Commission (hereinafter referred to as "EEOC"), alleging workplace discrimination and disparate treatment based on her sex on or about June 16, 2009. A copy of said charge is annexed hereto as Exhibit "A".

10. The EEOC issued its Dismissal and Notice of Rights on July 27, 2010. A copy of the Dismissal and Notice of Rights is annexed hereto as Exhibit "B".

11. At all times material hereto, Defendant discriminated against Plaintiff because of her sex, in violation of Title VII of the Civil Rights Act of 1964 as amended, and the Florida civil Rights Act.

12. The conduct complained of in this cause of action involves sex and disparate treatment, all in violation of Title VII of the civil Rights Act of 1964 as amended and the Florida Civil Rights Act.

2

## STATEMENT OF FACTS

13. Plaintiff was hired by the Defendant as a Sheriff's Deputy (law enforcement officer) on May 1, 1989. She earned extensive certifications in various aspects of law enforcement, and also received a Masters Degree in education.

14. Plaintiff rose steadily through the ranks of Defendant's agency to first become Sergeant, then Lieutenant, and ultimately Captain.

15. By the spring of 2008, Ms. Burke had attained the rank of captain, and was one of only several female Captains in the agency.

16. As of August 26, 2008, Burke was earning $138,000.00 per year plus a 10% annual bonus. From August 27, 2008 through the present, Burke currently in the rank of Sergeant, is earning $95,600.00 per year.

17. In the winter of 2008, while in the rank of Captain, Burke received permission from Defendant to attend the FBI National Academy in Quantico, Virginia. This was a highly prestigious assignment, and only a few of the Defendant's employees had ever previously attended. Plaintiff was the first woman deputy from PBSO to attend the FBI National Academy. Defendant later made the decision to end Plaintiff's term at the academy and sent her home, despite being told it could give Plaintiff the opportunity to complete the course.

18. While at the Academy, Plaintiff became involved in incident with her dorm mate that resulted in a decision being made by the FBI and Defendant to have her expelled from the program.

19. Upon returning to Palm Beach County, Burke became the subject of an administrative investigation initiated by the Defendant concerning the events that happened at the FBI Academy. Expulsion from FBI National Academy was a disciplinary measure for violating

3

FBINA rules. Despite this, Burke was disciplined again by PBSO for the same policy infractions at the discretion of the Defendant.

20. Burke was placed on administrative leave, and was not allowed to work in her capacity as Captain during the eight and one half (8.5) months that the aforementioned investigation was ongoing.

21. During the course of the investigation, Defendant violated both state statutes and its internal policies concerning the conduct of the investigation.

22. Ultimately, Defendant sustained various policy violations against Plaintiff, and on August 26, 2008 she was double demoted from Captain to Sergeant.

23. Plaintiff's salary was immediately reduced from $138,000.00 per year, plus a 10% bonus to $93,000.00 per year. Since August of 2008, while in the rank of Sergeant, Plaintiff requested more than several lateral transfer opportunities which have been consistently denied by Defendant.

24. The double demotion from Captain to Sergeant imposed by the Defendant was disparate in that there have been numerous administrative investigations initiated by Defendant, before and after this investigation, concerning similarly serious policy violations committed by male deputies, who were either not disciplined or disciplined less severely than Plaintiff in this instance.

25. These policy violations included but are not limited to sustained drunk-driving charges, the authorization by supervisors of unapproved overtime/theft of services, and unauthorized sexual relationships between supervisor and subordinate employees. These employees were allowed to continue to work with felony and misdemeanor convictions for crimes against women.

4

26. The employees of the Defendant involved in these matters were overwhelmingly male, with ranks from as low as Deputy Sheriff to Captain.

## COUNT I
## DISCRIMINATORY TREATMENT BASED UPON SEX

27. Paragraphs 1 through 26 are incorporated herein by reference.

28. At all times relevant hereto, there existed Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000 e-5) and the Florida Civil Rights Act, Chapter 760.00.

29. Defendant's double demotion of the Plaintiff on August 26, 2008, was predicated based upon her sex, as outlined above, in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Florida Civil Rights Act.

30. Plaintiff claims economic damages including full back pay and front pay, full back benefits and front benefits, pre and post judgment interest in an amount to be shown at trial and any other further relief deemed just and proper by the Court.

WHEREFORE, Plaintiff, ANNE BURKE, demands a judgment for damages against Defendant on the first cause of action including:

(a) Award Plaintiff front pay;

(b) Award Plaintiff back pay, fringe benefits and liquidated damages;

(c) Prejudgment interest;

(d) Restoration to position Plaintiff would be in now, but for the discriminatory demotion;

(e) Award Plaintiff reasonable attorney's fees and costs;

(f) Grant some other relief the Court may deem just and proper.

## COUNT II
## DISCRIMINATORY AND UNEQUAL TREATMENT

31. Paragraphs 1 through 26 are incorporated herein by reference.

32. At all times relevant hereto, there existed Title VII of the Civil Rights Act of 1964, as amended, and the Florida Civil Rights Act, Chapter 760.00.

33. Defendant's treatment of Plaintiff as outlined above violated Title VII of the Civil Rights Act of 1964, as amended, and the Florida Civil Rights Act.

34. Plaintiff has suffered and continues to suffer anxiety, depression, feelings of lack of self worth and rejection due to the actions of Defendant. In addition, as a result of Defendant's acts and omissions as described above, Plaintiff has suffered emotional harm, mental anguish and loss of enjoyment of life.

35. Plaintiff claims compensatory damages for medical expenses, emotional harm, mental anguish, loss of enjoyment of life, attorney's fees and costs, loss of earning capacity and other future pecuniary losses pursuant to Section 102 of the Civil Rights Act of 1991, and the Florida Civil Rights Act, Chapter 760.00.

36. Plaintiff claims economic damages including full back pay and front pay, full back benefits and front benefits, pre and post judgment interest in an amount to be shown at trial and any other further relief deemed appropriate by the Court.

WHEREFORE, Plaintiff, ANNE BURKE, demands a judgment for damages against Defendant on the second cause of action including:

    (a) Award Plaintiff front pay;

    (b) Award Plaintiff back pay, fringe benefits, and damages for pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life;

(c) Prejudgment interest;

(d) Restoration to position Plaintiff would be in, had it not been for the discriminatory demotion;

(e) Award Plaintiff compensatory and punitive damages;

(f) Award Plaintiff reasonable attorney's fees and costs;

(g) Grant some other relief the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Respectfully submitted this 21st day of October, 2010.

Respectfully submitted by:

**ROSENTHAL, LEVY & SIMON, P.A.**
1645 Palm Beach Lakes Blvd., Suite 350
West Palm Beach, Florida 33401
Telephone: (561) 478-2500
Facsimile: (561) 478-3111
Email: aaronson@rosenthallevy.com

ALAN M. ARONSON, ESQ.
Florida Bar No.: 895997

7

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via U.S. Mail to: The Palm Beach County Sheriff's Office, 3228 Gun Club Road, West Palm Beach, Florida, 33406, on this 21 day of October, 2010.

                         **ROSENTHAL, LEVY & SIMON, P.A.**
                         1645 Palm Beach Lakes Blvd., Suite 350
                         West Palm Beach, Florida 33401
                         Telephone: (561) 478-2500
                         Facsimile: (561) 478-3111
                         Email: aaronson@rosenthallevy.com

                         _/s/ Alan M. Aronson_
                         ALAN M. ARONSON, ESQ.
                         Florida Bar No.: 895997